WRIGHT, J.,
DISSENTING:
I respectfully dissent from the majority’s grant of a writ in this matter. I disagree that “the Commission met its burden of showing no adequate remedy by appeal.” Rather, I would hold that what the Floyd Circuit Court called a “restraining order” from which there is no right to appeal was, in actuality, a temporary injunction from which the Commission could have moved the Court of Appeals for interlocutory relief.
*7 Our Rules of Civil Procedure provide for when a restraining order may be authorized. Specifically, CR 65.03 reads, in pertinent part, that a restraining order may be authorized when “the applicant’s rights are being or will be violated by the adverse party and the applicant will suffer immediate and irreparable injury, loss or damage before the adverse party or his attorney can be heard in opposition_” (Emphasis added.) Here, the Floyd Circuit Court order states “having heard from all parties ....” If the court had, indeed, heard from the parties, then the order was actually a temporary injunction—not a restraining order—regardless of how the court captioned it. Following this logic, if the Floyd Circuit Court’s order was a temporary injunction, then the Commission could have filed for interlocutory relief under CR 65.07.
An appeal from a temporary restraining order is unavailable, as the court has only heard from one side of the case at the time it grants such an order. By its very nature, the order is temporary rather than final and appealable. Even assuming the order the Floyd Circuit Court entered actually was a restraining order, the Commission could have filed a motion to dissolve the restraining order and the Floyd Circuit Court would either have dissolved the order or entered a temporary injunction. At that point, assuming the circuit court had entered a temporary injunction, the Commission could have moved the Court of Appeals for interlocutory relief. This is an appropriate and readily available avenue for the Commission. Our Rules provide this means of resolution, rather than the parties resorting to the extraordinary action of seeking a writ.
Under either of the scenarios outlined above, an adequate remedy by appeal exists. The issuance of a writ is simply inappropriate. Since I would hold the Commission had an adequate remedy by appeal, my analysis would end there—with no need to determine whether the Commission experienced irreparable injury or fit under the “special cases” exception.